Jerome Applewhite v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-056-CR

JEROME APPLEWHITE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Appellant Jerome Demarcus Applewhite of murder and assessed his punishment at twenty-seven years’ confinement. 
 
In a single point, Applewhite challenges the legal sufficiency of the evidence supporting his conviction.  We will affirm.

II.  Factual Background

Applewhite, Aaron Brooks, and Michael McClure were acquaintances.  
The three men often spent time socializing together at Brooks’s apartment in North Dallas.  At some point, Applewhite began selling drugs for McClure, and McClure became convinced that Applewhite owed him $400.   

On the morning of December 24, 2002, Brooks was in his apartment bedroom resting.  Applewhite was also at Brooks’s apartment, and soon McClure arrived.  From his bedroom, Brooks heard Applewhite and McClure arguing in the living room over the $400 McClure demanded from Applewhite. Brooks then heard three gunshots.  He ran into the living room and saw McClure lying face down on the floor in front of the fire place, bleeding. Applewhite told Brooks that he shot McClure because he felt his life was in danger.  Applewhite ran out of the apartment and down a back staircase. 

Brooks went outside and noticed McClure’s girlfriend, Rushell Watson, waiting in McClure’s car in the apartment parking lot.
(footnote: 2)  Brooks approached the car and told Watson that Applewhite had shot McClure.  Watson could not get out of the car because the car’s alarm system had been activated, locking the car doors.  Brooks returned to his apartment, retrieved McClure’s keys, and disarmed the alarm.  Watson got out of the car, and both she and Brooks called 911. 

When police arrived at Brooks’s apartment, McClure was dead.  Police spoke with Brooks and with Jerrell Ligon and Alfredo Montgomery, cousins of Applewhite, at the Dallas police station.  All three identified Applewhite as the most likely suspect in McClure’s murder.  

Later that day, a 911 clerk called Kenneth Penrod, a homicide detective with the Dallas Police Department, because she had an individual on the line claiming to have information regarding McClure’s shooting.  The caller, who subsequently identified himself as Applewhite, gave Detective Penrod the address where the shooting had occurred and the time that it had happened.  Applewhite further told Detective Penrod that the person they were looking for, “Jay” (the name Applewhite commonly goes by), was the wrong person. Instead, Applewhite said that an individual named Miguel was responsible for the shooting and said that Miguel drove a red Cadillac STS.  Applewhite then hung up.

A few minutes later, Applewhite again called 911.  The 911 clerk again forwarded the call to Detective Penrod, but this time she remained on the line, recording the conversation.  During this conversation, Applewhite said that he did what he had to do and admitted shooting McClure. 

Police arrested Applewhite, and he made a written statement in which he admitted shooting McClure.  Applewhite also showed police where he had hidden the gun used in the shooting, a Sturm-Ruger nine millimeter, in a gutter near Brooks’s apartment.  Subsequent analysis of the gun and a bullet retrieved from McClure’s body during his autopsy showed that the gun had fired the bullet.  The medical examiner identified the cause of McClure’s death as “lacerations or tearing defects of the brain and right lung due to multiple gunshot wounds of the face, head, and back.”

Applewhite pleaded not guilty to the charge of murder.  A jury found Applewhite guilty, however, and assessed his punishment at twenty-seven years’ confinement.

III.  Legal Sufficiency of the Evidence

In his sole point, Applewhite argues that the evidence is legally insufficient to support his conviction because “it was based on a sloppy and rushed investigation by the Dallas Police Department.”  Moreover, “the forensics evidence submitted by the State of Texas actually corroborates Appellant’s claim that Aaron Brooks murdered the alleged victim.”  The State maintains that the evidence adduced at trial is legally sufficient to support the jury’s verdict.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual.
  
See 
Tex. Penal Code Ann.
 § 19.02(b)(1) (Vernon 2003)
.  
The indictment alleged that Applewhite “did then and there intentionally or knowingly cause the death of an individual, namely: Michael McClure, by shooting Michael McClure with a firearm[.]”

Here, the evidence is legally sufficient to support the jury’s verdict finding Applewhite guilty of murder.  Applewhite admitted three times that he shot McClure: once in his 911-phone conversation with Detective Penrod, once in his written statement where he wrote, “I told you I shot Mike [McClure] and told you why I did it,” and once to Brooks immediately after the shooting.
(footnote: 3) Brooks told Watson that Applewhite had shot McClure.  Watson testified that she was aware of a problem between Applewhite and McClure.  Moreover, Applewhite led detectives to the gun used to shoot McClure.  A firearms examiner confirmed that the gun found in the gutter was in fact the gun used to shoot McClure. 

Thus, viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found the essential elements of murder beyond a reasonable doubt.  
Jackson, 
443 U.S. at 319, 99 S. Ct. At 2789. 
 Accordingly, we overrule Applewhite’s point.

IV.  Conclusion

Having overruled Applewhite’s sole point, we affirm the trial court’s judgment.
  

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The vehicle actually belonged to McClure’s mother. 

3:
In the recorded telephone conversation between Applewhite and Detective Penrod, Applewhite admitted that McClure was not armed.